

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2007

# Wilson v. Budgeon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1607

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wilson v. Budgeon" (2007). *2007 Decisions.* Paper 429.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/429

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-369                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 07-1607
_____

JOHN D. WILSON,
                                        Appellant,

v.

UNKNOWN BUDGEON; ROBERT SHANNON;
KEVIN KANE; PETE DAMITER; JOHN KARESTES;
J. D. SHUTT; ROBERT BITNER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02101)
District Judge: Honorable Edwin M. Kosik

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
and/or Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 30, 2007

Before:   SLOVITER, CHAGARES AND COWEN, CIRCUIT JUDGES

(Filed September 14, 2007)
_____

OPINION
_____

PER CURIAM

Appellant John D. Wilson, a state prisoner, filed a civil rights action under 42

U.S.C. § 1983 in United States District Court for the Middle District of Pennsylvania against correctional officer Timothy Budgeon, hearing examiner Kevin Kane, and other correctional officials. Wilson alleged that Budgeon fabricated and pursued misconduct complaint No. A465945 against him in retaliation for exercising his First Amendment right to argue about what program to watch on the cell block television.[1] Kane was alleged to be biased in his adjudication of the misconduct, which resulted in a sanction of 60 days disciplinary confinement. Wilson sought money damages. Early in the litigation, the District Court dismissed Wilson's state law negligence claim, and the court also dismissed two defendants from the action because the body of the complaint did not include any allegations against them.

Wilson's retaliation and due process claims were allowed to proceed. The defendants moved for summary judgment. The Magistrate Judge filed a Report and Recommendation, addressing that motion, and Wilson filed Objections to it. In an order entered on February 13, 2007, the District Court overruled Wilson's Objections and granted summary judgment to the remaining defendants. Wilson appeals. His motion to

_____

[1] The allegedly fabricated misconduct charges Wilson with threatening an employee or his or her family member with bodily harm. According to the misconduct, on January 5, 2004, Wilson was counseled by Budgeon not to get into another inmate's property. Wilson was alleged to have asked: "Do you have a problem with me?" When Budgeon replied that he was simply enforcing the rules, Wilson was alleged to have said: "If you have a problem with me, my people on the street will take care of it for me." Wilson denied issuing this threat. What really happened, according to Wilson, is that he told Budgeon the television was for inmates, not guards. He then went to the "chowhall" and the next thing he knew he was in handcuffs.

appeal in forma pauperis was granted by our Clerk and he was notified that his appeal

would be considered under 28 U.S.C. § 1915(e)(2)(B).

We will dismiss the appeal as frivolous. An appeal is frivolous when it lacks an

arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our

review of the District Court's grant of summary judgment is plenary and we must affirm

summary judgment if there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-

23 (1986). We conclude that there is no arguable basis in fact or law for disagreeing with

the District Court's summary judgment determination. The defendants sought summary

judgment on the retaliation claim on the basis that Wilson failed to exhaust his

administrative remedies. The District Court declined to reach this issue, concluding

instead that the retaliation claim simply lacked merit.[2]

---

[2] A prisoner must first exhaust available administrative remedies pursuant to 42 U.S.C.
§ 1997e(a) before filing suit. Wilson appealed his misconduct at the highest level, but he
did not raise his First Amendment retaliation argument during the disciplinary
proceedings. Instead, he submitted a separate grievance. It was returned to him by prison
officials unadjudicated on the ground that there were ongoing disciplinary proceedings.
This action by prison officials raises the question whether the remedy was available, cf.
Brown v. Croak, 312 F.3d 109, 110 (3d Cir. 2002) (assuming that prisoner may rely on
instruction by prison officials to await outcome of internal security investigation before
filing grievance). Wilson did not appeal the decision rejecting his grievance on
procedural grounds. His inaction raises the question whether he defaulted his retaliation
claim, see Spruill v. Gillis, 372 F.3d 218, 232 (3d Cir. 2004) (administrative exhaustion
requirement of section 1997e(a) includes a procedural default component). The District
Court was reticent to dismiss the retaliation claim for failure to exhaust administrative
remedies, observing that Wilson might justifiably be confused about whether
Pennsylvania Department of Corrections Administrative Directive DC-ADM 801
governing misconducts or DC-ADM 804 governing grievances provided the appropriate

We agree that the retaliation claim plainly lacks merit. Retaliation for the exercise of constitutionally protected rights is itself a constitutional violation. White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir. 1990). Wilson, however, failed to show that the conduct which allegedly led to the retaliatory misconduct was constitutionally protected, see Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001) (relief unavailable where conduct not protected by First Amendment). Expressing an opinion about which television channel to select is not protected speech. See Wilson v. Schillinger, 761 F.2d 921, 925 (3d Cir. 1985) (prisoners' First Amendment rights may be curtailed because of institutional needs).

Wilson further alleged that Hearing Examiner Kane was biased in violation of his right to due process; he finds in favor of the guards and against the prisoners on a disproportionate basis. Wilson argued that there was no evidence to support the sanction imposed on him for the misconduct. We conclude that the District Court correctly determined that these allegations do not state a due process claim. Constitutionally mandated procedures are only necessary where protected interests are involved, and, under Sandin v. Conner, 515 U.S. 472 (1995), protected liberty interests are generally limited to freedom from restraint that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. The determination

procedure for raising his retaliation claim. Like the District Court, we will not decide the more difficult exhaustion of administrative remedies question presented by Wilson's case, because we are satisfied that the merits of the retaliation claim are plainly lacking.

of what is "atypical and significant" is based upon the range of conditions an inmate would reasonably expect to encounter, Asquith v. Dep't of Corrections, 186 F.3d 407, 412 (3d Cir. 1999); Griffin v. Vaughn, 112 F.3d 703, 706 n.2 (3d Cir. 1997), and the sanction of six months of disciplinary confinement is in the range of conditions that do not violate a protected interest as defined by Sandin. See Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002).

Wilson challenges the impartiality of hearing examiner Kane, but Sandin prohibits us from considering whether Wilson is entitled to an unbiased hearing examiner. In any event, even if we concluded that a protected liberty interest was at stake, we would still uphold summary judgment for the defendants on the ground that there was an insufficient evidentiary basis on which a reasonable jury could find in Wilson's favor on this claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Fed. R. Civ. Pro. 56(e). His "evidence" that Kane is biased consists of conclusory allegations, which are not adequate under Rule 56(e).

Last, Wilson appeared to allege an Equal Protection claim, but, certainly in this context, inmates and guards are not "similarly situated" and thus may be treated differently. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985).

We will dismiss the appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).